**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

GODFREY A. UVBO,                )
                                )
                    Plaintiff,  )
vs.                             )          NO. CIV-08-1253-HE
                                )
INTEGRIS HEALTH, INC.,          )
                                )
                    Defendant.  )

## ORDER

Plaintiff Godfrey A. Uvbo brings this action against his former employer, defendant

Integris Health, Inc., asserting claims for discriminatory discharge based on race under Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

Integris has moved for summary judgment on those claims, asserting there is insufficient

evidence to create a jury question as to whether defendant terminated plaintiff for an

improper reason and that plaintiff should, in any event, be judicially estopped from pursuing

his claim here by reason of his failure to disclose his claims against defendant in his prior

bankruptcy filing. Plaintiff has responded to the motion, which is now at issue.

### Summary Judgment Standard

Summary judgment should be granted where — in light of the pleadings, discovery

materials, and any affidavits — there is no "genuine issue" as to any "material fact" and the

movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c)(2). The court must

review the evidence, and draw all reasonable inferences therefrom, in the light most

favorable to the nonmoving party. In re Wal-Mart Stores, Inc., 395 F.3d 1177, 1189 (10th

Cir. 2005). The court may not make determinations of credibility nor weigh evidence, and must disregard all evidence favorable to the movant that the trier of fact would not be required to believe. Gossett v. Oklahoma, 245 F.3d 1172, 1175 (10th Cir. 2001). Mere conclusory allegations, without evidentiary support, do not create a genuine issue of fact. L&M Enters., Inc. v. BEI Sensors & Sys. Co., 231 F.3d 1284, 1287 (10th Cir. 2000).

Summary judgment "necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Where the nonmoving party bears the burden of proof at trial — as Uvbo does on certain issues discussed below — that party cannot rely on its pleadings to defeat summary judgment; it must, instead, put forth evidence sufficient to create a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Nevertheless, the moving party must demonstrate its entitlement to judgment as a matter of law.

## Background

As a threshold matter, the court notes the complete inadequacy of plaintiff's response and effort to show the existence of a justiciable controversy as to the basis for his termination. Defendant's motion sets out 29 facts that it asserts to be undisputed (individual facts are referenced as "UDF ___" hereafter), supporting them with appropriate evidentiary support. Plaintiff explicitly admits some of the allegedly undisputed facts and others he denies, but none of plaintiff's denials are supported by any evidentiary support — no affidavits, no discovery responses, or anything else. As noted above, such conclusory denials, without evidentiary support, do not create a genuine issue of fact for trial. L&M

Enters., 231 F.3d at 1287.  The result is that plaintiff has provided no basis for the court to evaluate the present motion other than by assuming the accuracy of all of defendant's proffered undisputed facts.

The undisputed facts thus establish that plaintiff Godfrey Uvbo began work in April 1997 in defendant's IT department.   After several promotions in the intervening years, Uvbo became a lead data center operator in August 2001, the position he apparently held at the time of his termination.

A performance evaluation was conducted in August 2005 by Uvbo's then supervisor, Mark Hargrove.   Uvbo received generally high marks indicating that he "exceeded expectations" overall, but received a "1," the lowest possible score, as to his "[a]bility to communicate with customers at their level of understanding."  (UDF No. 6.)  Thereafter, in June 2006, he received a written reminder from his supervisor for failing to follow departmental procedures and discourtesy to customers.  (UDF No. 8.)   At his next annual evaluation in August 2006, plaintiff was again rated as exceeding expectations overall, but again received the lowest rating as to his ability to communicate with customers.  (UDF No. 11.)  Thereafter, additional complaints of failure to follow company policies or of a customer service nature were made.  (UDF Nos. 15–17.)  In January 2007, plaintiff was terminated and advised the basis for the termination was the various performance issues.  (UDF No. 18.)

In April 2007, plaintiff filed a charge of discrimination with the EEOC alleging racial discrimination as to his discharge.  (UDF No. 21.)  Plaintiff received his Notice of Right to Sue from the EEOC on August 15, 2008.  (UDF No. 22.)  Three days later, plaintiff filed a

Chapter 7 bankruptcy proceeding and failed to make any reference to the EEOC proceeding or his claims against defendant in his bankruptcy schedules. (UDF Nos. 23–25.)

## Discussion

As plaintiff has offered no direct evidence of discrimination, the familiar analytical framework set out in McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973), guides the court's review of Uvbo's race discrimination claims under both Title VII and 42 U.S.C. § 1981. Antonio v. Sygma Network, Inc., 458 F.3d 1177, 1181 (10th Cir. 2006); Kendrick v. Penske Transp. Servs. Inc., 220 F.3d 1220, 1225 n.4 (10th Cir. 2000). Plaintiff must first establish a prima facie case of discrimination. Green v. New Mexico, 420 F.3d 1189, 1192 (10th Cir. 2005). If he makes a prima facie showing, the burden shifts to defendant to state a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* "If the employer meets this burden, then summary judgment is warranted unless the employee can show there is a genuine issue of material fact as to whether the proffered reasons are pretextual." *Id.* (internal quotations omitted).

To make out a prima facie case in this context (i.e. wrongful termination claim), the plaintiff must produce some evidence that (1) he belongs to a protected class, (2) he was qualified for the job, (3) despite his qualifications, he was discharged, and (4) the job was not eliminated after his discharge. Baca v. Sklar, 398 F.3d 1210, 1216 (10th Cir. 2005); Kendrick v. Penske, 220 F.3d at 1229. The parties have cited to various Tenth Circuit cases which sometimes describe the elements differently. However, in light of the absence of any evidence creating an issue of fact as to whether defendant's stated, non-discriminatory reason

for termination was pretextual — the next step of the <u>McDonnell Douglas</u> analysis — the court finds it unnecessary to belabor the technical differences, if any, in the various descriptions of the elements of a prima facie case.[1]

Integris has offered legitimate, nondiscriminatory reasons for its termination of Uvbo. Specifically, Integris states it discharged Uvbo because of "his continued performance issues," including his "failure to follow departmental procedures and to courteously interact with customers." (UDF No. 18; Def.'s Br. 13.) The undisputed evidence establishes recurring performance problems in these areas.[2] Read literally, plaintiff's response does not even attempt to identify evidence of pretext, focusing instead only on the evidence he suggests supports a prima facie case. But even giving plaintiff every benefit of the doubt, his arguments are still insufficient to create some question as to pretext.[3] Unsupported references to "unwarranted" disciplinary actions or the suggestion of an "obvious conspiracy" are not a sufficient substitute for plaintiff's obligation to produce some evidence showing the existence of a justiciable issue. Lacking any evidence from which a jury might reasonably find pretext, summary judgment must be entered for defendant.

---

[1]*Given the undisputed evidence that plaintiff was disciplined for repeated performance issues, the court has considerable doubt whether a prima facie case has been made out under any of the formulations.*

[2]*As to some of the incidents, plaintiff argues he did nothing wrong or that he corrected the problem or something similar. But he offers no <u>evidence</u> of any of this.*

[3]*Pretext can be shown by "evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence . . . ." <u>Antonio</u>, 458 F.3d at 1183.*

Plaintiff's summary judgment response is totally silent as to defendant's reliance on judicial estoppel as an alternate basis for judgment. Judicial estoppel is an equitable doctrine aimed at "protect[ing] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 749–50 (2001). Its application is discretionary with the court, but is ordinarily applied when three circumstances are present. *See generally* Eastman v. Union Pac. R.R. Co., 493 F.3d 1151, 1156 (10th Cir. 2007) (citing New Hampshire, 532 U.S. at 750–51. First, the party's current legal position must be "clearly inconsistent" with the party's prior position. Here, plaintiff asserts claims which required the completion of administrative proceedings before the EEOC as a prerequisite for their assertion. The undisputed facts establish that, in his previous bankruptcy filings, he denied being involved in any administrative proceedings. (UDF Nos. 24–25.)[4] Second, the party's former assertion of position must have been accepted in some fashion by the prior court, creating the perception that either the first or second court was misled. Here, it is undisputed that plaintiff received his discharge from the bankruptcy court and that the claims he asserts here were never pursued or administered as assets of the bankruptcy estate. (UDF Nos. 27–29.) Finally, the assertion of inconsistent positions must be such as would give the asserting party an unfair advantage. Here, plaintiff asserts claims against defendant that he would not even

---

[4]*Although defendant does not rely on it, plaintiff also represented in his bankruptcy filings that he had no "other contingent or unliquidated claims," though he plainly had his current claims against defendant at that time. See Def.'s Br. Ex. 21 at 20.*

have owned had he made the appropriate disclosures to the bankruptcy court. In these circumstances, the court concludes all of the considerations ordinarily indicating the application of the judicial estoppel doctrine are present. These considerations are not "elements" of a claim in the sense of a formula which, when established, necessarily requires application of the judicial estoppel doctrine. There may well be similar circumstances where application of the doctrine is not appropriate, such as where "a party's prior position was based on inadvertence or mistake." New Hampshire, 532 U.S. at 753. However, plaintiff's response makes no such suggestion — or any response at all — as to why judicial estoppel is not properly applied here. In these circumstances, the court concludes the doctrine of judicial estoppel is applicable and bars plaintiff's pursuit of his claims here, even if they were not otherwise subject to summary judgment on the merits.

### Conclusion

Defendant's motion for summary judgment [Doc. No. 23] is **GRANTED.**

**IT IS SO ORDERED**.

Dated this 17th day of May, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE