**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

GODFREY A. UVBO, )
                       )
           Plaintiff, )
vs. )          NO. CIV-08-1253-HE
                       )
INTEGRIS HEALTH, INC., )
                       )
          Defendant. )

## ORDER

The court previously entered summary judgment in favor of defendant Integris Health Inc. ("Integris"). Integris has now moved for an award of attorneys fees and certain costs, arguing that plaintiff's action was frivolous, unreasonable and without foundation. Defendant seeks $45,524.50 in attorneys fees and $257.50 in nontaxable expenses. Plaintiff, who is represented by counsel, has not responded to the motion.

A number of circumstances impact the court's resolution of the present motion. Among them are the fact that, at the inception of this case, plaintiff was proceeding *pro se*. He later acquired counsel. Certain claims asserted by plaintiff at the outset were dismissed, leaving claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981 for resolution. As noted above, these were resolved in defendant's favor via summary judgment.

In this type of case, a non-prevailing plaintiff is not ordinarily liable for a defendant's attorneys fees. However, fees may be awarded to a prevailing defendant in limited circumstances:

A Title VII defendant is not entitled to an award of fees unless the court finds

that the plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."

Simons v. Sw. Petro-Chem, Inc., 28 F.3d 1029, 1033 (10th Cir. 1994) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).[1] Defendant contends that the circumstances necessary to invoke the exception are present here.

The court concludes defendant's motion should be granted in part. In the court's prior order granting summary judgment to defendant, the court noted "the complete inadequacy of plaintiff's response and effort to show the existence of a justiciable controversy" as to issues in the case. Order, May 27, 2010 [Doc. # 38], p. 2. Partly that was the result of a failure to identify evidence sufficient to put the pertinent facts in issue. Partly it was the result of plaintiff's total silence as it related to the judicial estoppel ground relied on by defendant. But in sum, the plaintiff's submissions were not sufficient to even raise close questions as to the issues involved, and that circumstance supports a conclusion that the plaintiff's claims were not merely unsuccessful but were, at least at some point, unreasonable or groundless within the meaning of Christiansburg.[2]

The court reaches that conclusion with some reluctance. That reluctance stems partly from the policy reflected in the law's treatment of attorneys fees in Title VII and § 1981 cases. The general rule which permits a plaintiff to recover his or her fees if successful, and

---

[1]"The standards for awarding fees under § 1981 and Title VII are identical." *Roberts v. Roadway Express, Inc., 149 F.3d 1098, 1111 (10th Cir. 1988).*

[2]The *Christiansburg* standard does not require any finding of bad faith on plaintiff's part and the court makes no such finding here.

to avoid liability for the defendants fees if he/she is not, is designed to encourage cases of this sort to be filed as a means of combating workplace discrimination. Therefore, a conclusion that a case is sufficiently groundless or frivolous to invoke the exception noted above should not be reached lightly. The court's reluctance also stems from the fact that at least some of the shortcomings in plaintiff's case are attributable to the manner in which it has been presented,[3] or to the vigor with which it has been pursued,[4] rather than some obvious or necessary shortcoming in the underlying facts and circumstances. However, whether the shortcomings in plaintiff's case are due to limitations in the underlying available evidence or to the manner in which the case was presented, the court must ultimately make its determination based on what has been presented to it. And here, the court concludes plaintiff's showing was insufficient to establish he had reasonable grounds to proceed, at least by the time his summary judgment response was filed.

As noted above, <u>Christiansburg</u> articulates its standard, in part, as involving circumstances where a plaintiff continues to litigate after it becomes clear he lacks good grounds to do so. In this case, the court concludes that as of the time plaintiff filed his summary judgment response, April 15, 2010, it was clear that plaintiff lacked good grounds to proceed. At that point, defendant had urged judicial estoppel as a basis for summary

---

[3]*For example, plaintiff's summary judgment brief made assertions which, if appropriately supported, might have been sufficient to create issues of material fact. However, the necessary support, i.e., deposition testimony, affidavits or the like, was missing.*

[4]*The absence of any response at all to the "judicial estoppel" argument in the summary judgment briefs and the absence of any response to the present motion illustrate the point.*

judgment in its favor, making a sufficient (and ultimately successful) showing the doctrine required entry of judgment for defendant. Plaintiff's response to that argument was complete silence. He made no effort to mention or otherwise respond to the argument. Taking into account that fact and all the other considerations noted above, the court concludes defendant should recover its reasonable attorneys fees incurred after April 15, 2010.

Defendant's motion is supported by detailed time records and affidavits as to the reasonableness of the fees and the hourly rates they are based on. As noted above, plaintiff has not objected to the amount of the fees requested (or responded at all). While the rates charged by defendant's counsel are likely at the high end of the range of hourly rates for this area, they are not obviously unreasonable.[5] There is no question as to the abilities or reputation of the lawyers involved. While defendant has used multiple lawyers who appear to have been very thorough in their preparation of this case, the court's review of the time records submitted does not reveal any significant duplication of effort or obvious excess. The court therefore concludes plaintiff should recover its attorneys fees as requested, subject to the adjustment for paralegal time, for the period since April 15, 2010, and finds that amount to be $17,228.69.

---

[5]*The rate charged for paralegal time — $150 per hour — is less defensible. The court concludes, based on its general familiarity with fees charged in the area, that charges for paralegal time should be limited to $100 per hour.*

For the reasons stated, defendant's motion for attorneys fees [Doc. # 44] is **GRANTED**. Defendant is awarded judgment against plaintiff for its attorneys fees in the amount of $17,228.69.[6]

**IT IS SO ORDERED**.

Dated this 20th day of July, 2010.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[6]*The court declines to make any award for expenses not subject to being taxed as costs. Defendant's submission indicates these charges are for postage, courier charges, and online research. Figuring out which of those were before, and which were after, April 15, 2010, requires more effort than the amounts involved justify.*